IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRAIG LEON MONPAS,
Plaintiff,

CV 08-106-PK

OPINION AND
ORDER

v.

RUSSELL BERNARD WEST, MATTHEW
SHIRTCLIFF, and REBECA PIEDRA,
Defendants.

HAGGERTY, Chief Judge:

Plaintiff Craig Leon Monpas brings this action against defendants Baker County Circuit Judge Russell Bernard West, Baker County District Attorney Matthew Shirtcliff, and Baker County Deputy District Attorney Rebeca Piedra. Although plaintiff's complaint is not a paradigm of clarity, it appears reasonably clear that Monpas intends to allege defendants' liability for false arrest, false imprisonment, and breach of an ill-specified fiduciary duty alleged to arise out of defendants' oaths to uphold the United States Constitution, undertaken pursuant to Article VI thereof. Monpas characterizes himself as "a Sovereign, a joint tenant in the Sovereignty," and

as such argues that he is the intended beneficiary of defendants' Article VI oath. Because this argument is patently devoid of merit, and because the Article VI duty claim is the only claim alleged to arise under federal law, arguably Monpas' complaint should be dismissed for lack of subject matter jurisdiction without prejudice pursuant to the so-called "constitutional insubstantiality" doctrine. However, because this court would refrain from exercising jurisdiction even in the event that the complaint's jurisdictional defects were cured, and because in any event Monpas cannot state claims against defendants on which relief could be granted, Monpas' claims are each dismissed with prejudice.

In light of the foregoing disposition, Monpas' motion to reassign his case (#3) is denied as moot.

## FACTUAL BACKGROUND

Monpas' claims arise out of the issuance and execution of a warrant for his arrest for harassment and criminal trespass. The warrant was issued in Baker County and executed in Clackamas County.

It appears that on November 24, 2007, Monpas trespassed on the property of Damien and Lise Yervasi and, upon being requested to leave the property, initially refused to do so. Ultimately Monpas agreed to leave, and while leaving touched Damien Yervasi's arm or shoulder. There is no indication in the evidence before this court that the unwelcome touching was intended aggressively, or that Yervasi was harmed by the contact.

On December 4, 2007, Baker County Deputy District Attorney Rebeca Piedra signed an affidavit in which the alleged events of November 24 were set forth. That same day, Baker County Circuit Judge Russell Bernard West signed a warrant for Monpas' arrest for the offenses of harassment and criminal trespass. On January 12, 2008, law enforcement officials executed

the warrant on Monpas in Clackamas County. Monpas was held in custody for approximately four hours until released on bail.

This action followed. The Baker County proceedings remain ongoing.

## ANALYSIS

### I.     Subject Matter Jurisdiction

Although this court's jurisdiction to hear Monpas' claims has not been established, it is clear that the federal courts have inherent power to determine their own subject matter jurisdiction. *See, e.g, United States v. United Mine Workers*, 330 U.S. 258, 292 (1947).

### A.     Constitutional Insubstantiality

On its face, Monpas' complaint raises state common-law claims for false arrest and false imprisonment, and what appears to be intended as a claim for breach of a fiduciary duty arising out of the requirement articulated in Article VI of the United States Constitution that "judicial Officers. . . of the several States[] shall be bound by Oath or Affirmation[] to support this Constitution." U.S. Const., Art. VI. Monpas' theory appears to be that because he is allegedly "a Sovereign, a joint tenant in the Sovereignty," he is the direct intended beneficiary of defendants' oath to uphold the Constitution, and defendants owe him a cognizable if undefined fiduciary duty.

Thus, on the face of the complaint, if this court has jurisdiction over Monpas' claims, it can only have federal question jurisdiction over the constitutional duty claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367. As noted above, however, the constitutional fiduciary duty claim is patently devoid of merit in that Monpas is not, despite his protestations, a "sovereign" as that term is used in applicable Supreme Court jurisprudence. *See, e.g., The "Gul Djemal"*, 264 U.S. 90, 94 (U.S.

1924). Although "[a]ny non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits," *Bollard v. California Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999), where a federal claim is patently devoid of merit it cannot serve as the basis for federal question jurisdiction, *see, e.g.*, *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) ("the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit. . ."); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974) (no federal question jurisdiction attaches where a claim is "so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court or otherwise completely devoid of merit as not to involve a federal controversy. . ."); *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992) ("jurisdiction under § 1331 is unavailable where the federal claim is patently without merit") (citation, internal quotation marks omitted); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider").

Ordinarily, it is appropriate to dismiss a complaint pursuant to the constitutional insubstantiality doctrine without prejudice. *See, e.g.*, *Yokeno*, 973 F.2d at 808; *Franklin v. Oregon State Welfare Division*, 662 F.2d 1337, 1343 (9th Cir. 1981). Indeed, it appears likely that the complaint's defective insubstantiality could be cured by amendment to state Monpas' state-law claims as causes of action under 42 U.S.C. § 1983. In similar vein, if read with sufficient generosity to plaintiff, the complaint could be construed as stating claims alleging violation of Monpas' Fourth Amendment right to freedom from unreasonable seizure and/or Fourteenth Amendment right to due process. However, for reasons stated below, such amendment would nevertheless be futile, and Monpas' claims will therefore be dismissed with

prejudice.

## II.    *Younger* Abstention

It is well established that the federal courts are required to abstain from the exercise of jurisdiction where (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise those federal questions that have been brought before the federal court. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-432 (1982); *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987).

As noted above, the complained-of criminal proceedings against Monpas remain ongoing in Baker County. The propriety of Monpas' arrest and detainment pending bail, the adequacy of defendant Piedra's affidavit in support of the arrest warrant, and defendant West's authority to issue the warrant are all squarely at issue in those proceedings, and the State of Oregon and County of Baker have legitimate interests in the establishment and maintenance of constitutionally proper judicial proceedings. There can be no question but that Monpas will have an adequate opportunity to raise the issues referenced in his complaint in the Baker County Circuit Court. This court would therefore abstain from exercising jurisdiction over Monpas' claims even if their jurisdictional infirmities were cured by amendment.

## III.    Defendant Shirtcliff:  No Supervisor Liability

Even if this court were both to construe Monpas' claims as arising under Section 1983, as discussed above, and to exercise jurisdiction over them, it is well established that there can be no liability under Section 1983 absent evidence of the defendant's personal participation in the deprivation of rights alleged. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, the Ninth Circuit has expressly affirmed the applicability of this principle within the

supervisory context, holding that:

> A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

*Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (internal quotation marks and emphasis omitted) (*citing Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*quoting Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989))); *see also Brown v. Lithel*, 145 Fed. Appx. 198, 200 (9th Cir. 2005); *MacKinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995).

Here, it is clear that defendant Shirtcliff had no personal involvement in any alleged deprivation of Monpas' rights. Thus, even if the jurisdictional infirmities of Monpas' complaint were cured and this court were to consider his claims, Monpas' causes of action against Shirtcliff would necessarily be dismissed for failure to state a claim on which relief can be granted.

### IV.    Defendants West and Piedra: Qualified Immunity

Monpas' complaint does not specify whether defendants are being sued in their official or their individual capacities. In the Ninth Circuit, "[w]here state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994). "Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred" by the doctrine of sovereign immunity. *Id.*

Because Monpas' complaint would be construed as seeking to state claims against defendants in their individual capacities, if this court were to exercise jurisdiction over Monpas' claims it would be required to consider whether defendants were entitled to qualified immunity.

State officials are entitled to qualified immunity if their conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There are three inquiries necessary to a determination of qualified immunity: (1) an identification of the right allegedly violated, (2) the determination whether that right was clearly established so that a reasonable official would have been aware of it, and (3) whether a reasonable official could have believed that the conduct at issue was lawful. *See, e.g., Romero v. Kitsap County*, 931 F.2d 624, 628 (9th Cir. 1991).

Here, Monpas' rights to be free from false arrest and false imprisonment were at all material times well established, as were his Fourth and Fourteenth Amendment rights (to the extent implicated by his claims). Thus, the only issue regarding defendants' qualified immunity defense would be whether reasonable officials could have believed that defendants' conduct was lawful. Because no reasonable trier of fact could conclude that (i) defendant West had reason to believe that Monpas' rights would be violated by signing an arrest warrant on the strength of Piedra's affidavit or that (ii) defendant Piedra had reason to believe that Monpas' rights would be violated by preparing an affidavit in support of a request for an arrest warrant on the basis of testimony by law enforcement officers as to Monpas' alleged criminal conduct, this court would conclude as a matter of law that West and Piedra enjoyed qualified immunity in connection with Monpas' claims. Thus, even if the jurisdictional infirmities of Monpas' complaint were cured and this court were to consider his claims, Monpas' causes of action against West and Piedra would necessarily be dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION

For all of the foregoing reasons, the complaint filed in this action by plaintiff Craig Leon

///

Monpas is dismissed with prejudice. Monpas' motion (#3) to reassign case is denied as moot. A judgment will be prepared.

Dated this 7th day of February, 2008.

                                                /s/ Ancer L. Haggerty
Honorable Ancer L. Haggerty
United States District Judge